```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

COLUMBUS CHRIS WILLIAMS                        CIVIL ACTION

VERSUS                                         NUMBER: 07-0602

STATE OF LOUISIANA                             SECTION: "A"(5)
```

## REPORT AND RECOMMENDATION

Pursuant to an Order of Reference from the District Judge, presently before the Court is the "Motion and Order for Writ of Mandamus" of petitioner herein, Columbus Chris Williams.  (Rec. docs. 5, 1).

By way of background, petitioner Williams is no stranger to the Court, having filed, in addition to the above-captioned matter, at least twenty-six civil rights suits and seven habeas corpus petitions in this forum since May 31, 2001.  Within approximately ten months of initiating his wave of litigation, Williams had achieved the dubious distinction of having three of his first eight lawsuits, all of which had been filed in forma pauperis ("IFP")

under 28 U.S.C. §1915, dismissed as frivolous and/or for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(i) and/or (ii). See Williams v. Terrebonne Parish Sheriff Jerry Larpenter, 01-CV-3733(R)(1); Williams v. 32nd Judicial District (Judge Paul Wimbish), et al., 01-CV-3231 "F"(1); Williams v. Terrebonne Parish Sheriff Jerry Larpenter, et al., 01-CV-3697 "F"(2). Having achieved that infamous milestone, Williams was disallowed from filing additional §1983 actions IFP under the "three strikes" provision of 28 U.S.C. §1915(g).   See  Williams  v.  Terrebonne  Parish  Consolidated Government, et al., 04-CV-1255 "K"(1); Williams v. Terrebonne Parish District Attorney's Office, et al., 04-CV-1195 "T"(5); Williams v. State of Louisiana, et al., 04-CV-1194 "B"(3); Williams v. Terrebonne Parish Consolidated Government, et al., 04-CV-1190 "F"(5); Williams v. Terrebonne Parish Sheriff's Office, et al., 04-MC-1174 "R"(5);  Williams v. Terrebonne Parish Sheriff's Office, et al., 04-CV-1173 "M"(4); Williams v. Terrebonne Parish Sheriff's Office et al., 04-CV-1172 "N"(2); Williams v. State of Louisiana, et al., 04-CV-1170 "C"(3); Williams v. Terrebonne Parish Sheriff's Office, et al., 04-CV-1169 "R"(3); Williams v. State of La. (Terrebonne's IDB Office), et al., 04-CV-1133 "C"(1); Williams v. Terrebonne Parish Sheriff's Office, et al., 04-CV-1126 "B"(1). Undaunted, Williams subsequently paid the filing fee in ten of the eleven aforementioned §1983 cases so as to avoid the effect of

§1915(g). Of those ten cases, seven have since been dismissed, in whole or in part, as frivolous or for failing to state a claim upon which relief can be granted.

After wearing out his welcome under the pauper statute with respect to his §1983 litigation and expending a significant amount of money to pay the filing fees to advance those cases, Williams turned his attention to the pursuit of habeas corpus relief, matters which are not subject to three-strikes provision of §1915(g). See In re Stone, 118 F.3d 1032 (5th Cir. 1997). Following his indictment on charges of terrorizing and public intimidation, the very charges that he remains incarcerated for, Williams filed a habeas proceeding here, Williams v. State of Louisiana, 04-CV-1304 "B"(2), that was ultimately dismissed without prejudice for failure to exhaust available state court remedies. Several months after he had initiated that matter, Williams filed a successive habeas petition in which he again challenged his conviction for obscenity upon a correctional officer. Williams. v. State of Louisiana, et al., 04-CV-2095 "B"(2). That petition was later dismissed for want of jurisdiction because the sentence imposed as a result of the challenged conviction had expired. Williams also unsuccessfully attacked his conviction for disturbing the peace and aggravated assault in William v. State of Louisiana, et al., 04-CV-2293 "B"(2) which was similarly dismissed on jurisdictional and

exhaustion grounds. Next came the habeas proceeding captioned <u>Williams v. 32nd JDC of Terrebonne Parish, et al.</u>, 06-CV-163 "B"(2), another challenge to Williams' detention for terrorizing and public intimidation, that was later dismissed without prejudice for failure to exhaust. Some three months after the latter habeas proceeding had been dismissed, Williams tendered the full filing fee and initiated a §1983 action with respect to his 2001 arrest and prosecution for criminal damage to a coin-operated device. <u>Williams v. Terrebonne Parish Sheriff's Office through Sheriff Mr. Jerry J. Larpenter, et al.</u>, 06-CV-4393 "C"(3). That matter was later dismissed as frivolous as prescribed under 28 U.S.C. §1915A(b)(1) and Williams' subsequent appeal of that dismissal was recently rejected by the Fifth Circuit for want of prosecution under docket no. 06-31240. That brings the Court up to the present.

On February 5, 2007, Williams tendered to the Court for filing two new petitions. The first was a habeas corpus petition, submitted on the congressionally prescribed form for seeking such relief pursuant to 28 U.S.C. §2254, in which Williams again challenges his detention on the terrorizing and public intimidation charges that he previously attacked in 06-CV-163 and 04-CV-1304. <u>Williams v. State of Louisiana A.G.'s Office, et al</u>, 07-CV-603 "B"(2). In accordance with Local Rule 62.1(D), that matter was

4

allotted to the same district and magistrate judges who had considered Williams' six prior habeas petitions, before whom it is presently pending and with a response thereto due from the State by June 13, 2007.

The second lawsuit submitted by Williams on February 5, 2007 was the above-captioned matter, a self-styled rambling pleading he very generously refers to as a "writ of mandamus". That pleading consists of an eighteen-paged handwritten diatribe followed by a printout from the jail's commissary, followed in turn by an unnotarized two-paged affidavit, which is then followed by copies of six forms whereby Williams requested medical care or lodged a grievance at the prison. Behind those forms is another ten-paged narrative that Williams apparently intended to apply to this writ and his contemporaneously-filed habeas petition, after which is a three-paged "addition" to both matters, followed by a one-paged "Part I of Federal Writ of Mandamus Request." Next is a one-paged document captioned "State of La. vs. Columbus Chris Williams Application for Federal Writ of Habeas Corpus for a Pre-trail Detainee" containing citations to numerous federal cases, followed by another one-paged document intended for both of his recently-filed cases, which is then followed by copies of seventy-five inmate request forms, grievance forms, and doctor's notes spanning the time period of May 12, 2000 to January 22, 2007.

In terms of substance, the allegations presented in Williams' lengthy petition for writ of mandamus fall into two broad categories: those challenging the fact/duration of his confinement (i.e., habeas corpus issues) and those challenging the conditions of his confinement (i.e., 42 U.S.C. §1983 issues).  Under the former category, Williams alleges that his speedy trial rights have been violated, that the indictment against him is invalid, that the criminal charges were vindictively brought, that the amount of his bail is excessive, and that his sanity proceedings were flawed. Under the latter umbrella of allegations, Williams complains that his incoming mail at the jail is held by prison officials for one to three months and that all of his legal mail from March 2004 to the present date has been intercepted and held by the Assistant Attorney General who is handling his criminal prosecution, thus denying Williams access to the courts and preventing him from filing matters in the state courts in an attempt to exhaust state court remedies.  He also alleges that the cell where he has been held in isolation since his indictment is cold, unsanitary, infested with insects and vermin, illuminated for twenty-four hours a day, is excessively noisy, and, since a December 27, 2007 "shakedown", is lacking in bedding materials.  On the medical front, Williams complains that he has not been furnished a specialized diet for his diabetes and hypertension, nor has he been

provided with eyeglasses, hearing aids, or dental plates. He also complains of a painful skin condition and is in need of back and neck surgeries which had reportedly been recommended by his private physicians prior to him being incarcerated in 2004. Williams additionally alleges that he has not been provided with paper, pens, stamps, envelopes, or postage since January of 2004, that he has no access to a law library, and that he is denied phone calls to his attorney. In addition to his immediate release, Williams requests the issuance of a writ of mandamus "... to command or order some fair and speedy actions from the State of Louisiana and/or the 32nd J.D.C.'s Officials listed", without which he "... can get absolutely no constitutional justice ..." Elsewhere in his voluminous petition, Williams asks that if his various medical needs cannot be resolved to his satisfaction by his jailers, that they be ordered to transport him to his private dermatologist, private orthopedist, and the V.A. Hospital in Baton Rouge for appropriate treatment.

Williams has styled his pleading in this case as a writ of mandamus. The Fifth Circuit has noted that a mandamus proceeding "... is not an independent civil action, but may be considered a type of appeal." Stone, 118 F.3d at 1034. That conclusion, however, is simply the starting point for the Court's analysis because the fee payment portions of the Prison Litigation Reform

Act ("PLRA"), of which the three-strikes provision of §1915(g) is an integral part, applies only to "civil actions" and not to matters sounding in the nature of requests for habeas corpus relief.  Id.; Dade v. Hoke, 2004 WL 2937408 at *1 n. 1 (N.D. Tex. 2004); Jon v. Hamlin, 2004 WL 1373157 at *1 n. 1 (N.D. Tex. 2004). "In a mandamus proceeding, therefore, the nature of the underlying action will determine the applicability of the PLRA ."  Stone, 118 F.3d at 1034 (footnote omitted).

As noted earlier, Williams' mandamus petition has characteristics of both a habeas corpus proceeding and a §1983 civil rights action challenging the conditions of his confinement. Those aspects of the petition which sound in the nature of habeas are not subject to the payment or three-strikes provisions of the PLRA.  However, those aspects are still required to be screened under 28 U.S.C. §1915A to determine whether any claims are subject to sua sponte dismissal as frivolous or for failing to state a claim upon which relief can be granted. Dade, 2004 WL 2937408 at *1; Jon, 2004 WL 1373157 at *1 (citing 28 U.S.C. §1915A(a) and (b)(1) and 28 U.S.C. §1915(e)(2)). On that score, the law is clear that federal courts possess no general power to order state courts and state officers in the performance of their duties where mandamus is the only relief sought.  Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997); Dade, 2004 WL 2937408 at *1-2; Jon, 2004

WL 1373157 at *1-2.  Moreover, the habeas-based allegations in Williams' mandamus petition are largely duplicative of those found in his contemporaneously-filed, presently pending habeas proceeding and are thus subject to being dismissed as malicious under 28 U.S.C. §1915A(b)(1) and 28 U.S.C. §1915(e)(2)(B)(i)(formerly 28 U.S.C. §1915(d)).  Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.), cert. denied, 493 U.S. 969, 110 S.Ct. 417 (1989); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).  Accordingly, it will be recommended that Williams' mandamus petition, to the extent that it sounds in the nature of habeas, be dismissed pursuant to 28 U.S.C. §§1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

The other aspect of Williams' petition for writ of mandamus is in the nature of a §1983 civil rights action challenging the conditions of his confinement.  "The three strikes rule of Section 1915(g) prevents prisoners from filing a petition for writ of mandamus when the underlying action is civil in nature." Leos v. United States Government, 2006 WL 722183 at *2 (E.D. Tex. 2006)(citing In re Crittenden, 143 F.3d 919, 920 (5th Cir. 1998)).  As a result, Williams may not continue with the litigation of this aspect of his mandamus petition at government expense unless he was in imminent danger of serious physical injury at the time that he filed his writ.  Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

For the reasons that follow, the Court finds that petitioner has not made this showing.

Williams' allegations of interference with his legal mail, and a consequent denial of access to the courts, have been, according to his petition, ongoing for years. Notwithstanding such allegations, a review of the records of the Court easily refutes Williams' claim of a wholesale denial of access. Since his incarceration on the terrorism and intimidation charges, plaintiff has submitted no less than thirteen civil rights complaints and five habeas applications to the court in addition to this mandamus petition. In one of those suits alone, <u>Williams v. Terrebonne Parish Sheriff's Office, et al.</u>, 04-CV-1173 "M"(4), Williams filed numerous pleadings and motions during the nearly two-year period in which that matter was pending. Notably, the claim presented in that case, a denial of needed diabetes-related medical care, was dismissed on summary judgment after a review of Williams' medical records revealed that no deliberate indifference had been shown. Indeed, a review of the seventy-five inmate request and grievance forms that Williams attached to his mandamus petition readily shows that his medical complaints have not been ignored and are responded to in a reasonably prompt fashion. In the grievance forms that Williams completed just prior to submitting his petition to the Court he complained of prison officials' failure to certify the

amount of funds that were present in his inmate account for IFP purposes.  Nothing in those forms indicates that Williams was in imminent danger of serious physical injury at that time.  That being the case, denial of plaintiff's IFP request, as it relates to the civil action aspect of his mandamus petition, would be in order here under the three-strikes provision of §1915(g).  However, in order to simplify the dismissal of this case, the Court will recommend that the civil action aspect of Williams' mandamus petition, just like the habeas aspect, be dismissed as frivolous and for failing to state a claim under §§1915A(b)(1) and 1915(e)(2)(B)(i) because federal mandamus does not apply to officers, employees, or agencies of states.  Leos, 2006 WL 722183 at *1 n. 1.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's petition for writ of mandamus be dismissed pursuant to 28 U.S.C. §§1915A(b)(1) and 1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  7th  day of        May        , 2007.

                                   _____
                                   UNITED STATES MAGISTRATE JUDGE